UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 26CR 103 NEB/SGE *(handwritten)* **INDICTMENT** |
| | ) | |
| | ) | |
| Plaintiff, | ) | 18 U.S.C. § 286 |
| | ) | 18 U.S.C. § 287 |
| v. | ) | 18 U.S.C. § 922(g)(1) |
| | ) | |
| (1) LAMAR JAVIS BURGESS | ) | |
| a/k/a JAMES WELLS and | ) | |
| (2) LAMAR DAZJAR BURGESS, | ) | |
| | ) | |
| Defendants. | ) | |

THE UNITED STATES GRAND JURY CHARGES THAT:

### INTRODUCTION

At all times relevant to this Indictment:

1.      LAMAR JAVIS BURGESS and his son LAMAR DAZJAR BURGESS were United States citizens residing in the Minneapolis area, within the District of Minnesota.

2.      The Internal Revenue Service ("IRS") was an agency of the United States Department of the Treasury responsible for administering the tax laws of the United States and collecting taxes owed to the United States.

3.      A Form 1040, U.S. Individual Income Tax Return ("Form 1040"), was an IRS form that taxpayers could use to file their individual income tax returns.

4.      The Families First Coronavirus Response Act ("FFCRA") provided refundable tax credits against certain federal taxes for eligible self-employed individuals who were unable to perform services because of specified COVID-19 related circumstances. The FFCRA provided that such individuals could claim a sick

SCANNED
MAY 2 0 2026
U.S. DISTRICT COURT MPLS



*United States v. Burgess, et al.*

leave equivalent credit for days during which the individual was unable to work due to quarantine, illness, or related COVID-19 conditions; and a family leave equivalent credit for days during which the individual was unable to work due to the need to care for a child or another person.

5.      Fuel tax credits are refundable excise tax credits that may be available to taxpayers who use fuel in qualifying nontaxable activities, such as farming and off-highway business use. Eligible taxpayers could claim these credits on their income tax returns, including Forms 1040.

## COUNT 1
(Conspiracy to File False Claims)

6.      The allegations in paragraphs 1-5 are incorporated herein.

7.      Beginning in or about **June 2022,** and continuing until in or about **October 2024,** in the State and District of Minnesota, and elsewhere, the defendants,

**LAMAR JAVIS BURGESS, and
LAMAR DAZJAR BURGESS**

and others known and unknown to the Grand Jury, knowingly, intentionally, and voluntarily agreed, combined, and conspired to defraud the United States by obtaining and aiding to obtain the payment and allowance of false, fictitious and fraudulent claims for refunds of taxes against the IRS.

8.      In furtherance of the conspiracy:

a.      Defendants LAMAR JAVIS BURGESS and LAMAR DAZJAR BURGESS devised and participated in a scheme to obtain money from the United States government by filing false Forms 1040 claiming refunds to which the

*United States v. Burgess, et al.*

individuals in whose names the returns were filed were not entitled.

b.     Defendant LAMAR JAVIS BURGESS searched for and obtained videos, directions, and instruction manuals, including a guide titled, "TurboTax Sauce The 'Self-Employed' Way," to educate himself on preparing and filing false Forms 1040.

c.     Defendant LAMAR JAVIS BURGESS prepared false and fraudulent Forms 1040 for himself and defendant LAMAR DAZJAR BURGESS claiming refunds to which they were not entitled.

d.     Defendant LAMAR JAVIS BURGESS engaged co-conspirators, including defendant LAMAR DAZJAR BURGESS and others known and unknown to the Grand Jury, to promote and further the tax fraud scheme. Co-conspirators and others recruited clients for defendant LAMAR JAVIS BURGESS or directly provided him with information needed to prepare and file false tax returns for others.

e.     Defendants LAMAR JAVIS BURGESS and LAMAR DAZJAR BURGESS solicited others to provide them with their names, addresses, social security numbers, photographic identification, and bank account information to prepare and file false Forms 1040 and fraudulently claim tax refunds to which the taxpayers were not entitled.

f.     Defendants LAMAR JAVIS BURGESS and LAMAR DAZJAR BURGESS knowingly completed and filed, or caused to be completed and filed, false Forms 1040 for defendant LAMAR DAZJAR BURGESS and others using false employment and tax credit information, and falsely claiming income tax refunds

3

*United States v. Burgess, et al.*

based on the fraudulent Forms 1040.

g.    For tax year 2021, defendants LAMAR JAVIS BURGESS and LAMAR DAZJAR BURGESS knowingly completed and filed, or caused to be completed and filed, false Forms 1040 for defendant LAMAR DAZJAR BURGESS and others claiming refundable sick and family leave tax credits available to taxpayers who were unable to perform services as a self-employed individual because of certain coronavirus-related care they required or provided to another, to which the taxpayers were not entitled.

h.    On or about June 25, 2022, defendant LAMAR JAVIS BURGESS prepared and electronically filed a false and fraudulent 2021 Form 1040 in his own name, which he knew was false and fraudulent and claimed a $33,520 refund to which he was not entitled. This 2021 Form 1040 falsely claimed defendant LAMAR JAVIS BURGESS was entitled to the amounts claimed.

i.    For tax year 2022, defendants LAMAR JAVIS BURGESS and LAMAR DAZJAR BURGESS knowingly completed and filed, or caused to be completed and filed, false tax returns for defendant LAMAR DAZJAR BURGESS and others claiming refundable tax credits for federal tax paid on fuels for off-highway business uses or for use on a farm or for farming purposes, when in fact, as defendants LAMAR JAVIS BURGESS and LAMAR DAZJAR BURGESS knew, the taxpayers were not entitled to the amounts claimed.

j.    Defendant LAMAR JAVIS BURGESS charged taxpayers a portion of their tax refunds as a fee for completing and filing the fraudulent tax

4

*United States v. Burgess, et al.*

returns.

All in violation of Title 18, United States Code Section 286.

## COUNTS 2 THROUGH 7
### (False Claims)

9.    The allegations in paragraphs 1-5 are incorporated herein.

10.    On or about the dates listed below, in the District of Minnesota and elsewhere, the defendants,

### LAMAR JAVIS BURGESS, and
### LAMAR DAZJAR BURGESS

made and presented, and caused to be made and presented, to the IRS, claims against the United States for payments of refunds of taxes, knowing those claims to be false, fictitious, and fraudulent. Defendants **LAMAR JAVIS BURGESS, and LAMAR DAZJAR BURGESS** made the claims by preparing and causing to be prepared, and presenting and causing to be presented, to the IRS, the Forms 1040 identified below, claiming refunds to which defendants **LAMAR JAVIS BURGESS, and LAMAR DAZJAR BURGESS** knew the taxpayers were not entitled.

| Count | Date | Form 1040 | Tax Year | Refund Claimed |
|-------|------|-----------|----------|----------------|
| 2 | June 30, 2022 | LAMAR DAZJAR BURGESS | 2021 | $32,478 |
| 3 | July 18, 2022 | A.L.I. | 2021 | $31,771 |
| 4 | June 22, 2023 | A.L.I. | 2022 | $27,107 |
| 5 | June 23, 2023 | C.L.S. | 2022 | $27,150 |
| 6 | July 22, 2023 | J.R.P. | 2022 | $28,349 |
| 7 | July 24, 2023 | LAMAR DAZJAR BURGESS | 2022 | $29,642 |

*United States v. Burgess, et al.*

All in violation of Title 18, United States Code, Section 287.

## COUNT 8
(Felon in Possession of a Firearm)

11.    On or about October 28, 2024, in the State and District of Minnesota, the defendant,

**LAMAR JAVIS BURGESS,**

having previously been convicted of one or more of the following crimes, which were punishable by imprisonment for a term exceeding one year:

| Crime | Jurisdiction | Approximate Date of Conviction |
|---|---|---|
| Certain Persons Not to Have Pistols | Hennepin County, Minnesota | March 11, 2003 |
| Felon in Possession of a Firearm | District of Minnesota | September 16, 2011 |
| 4th Degree Assault of a Peace Officer | Hennepin County, Minnesota | February 18, 2020 |

and knowing he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess, in and affecting interstate and foreign commerce, a firearm, that is a Glock, model 19, 9mm, semi-automatic handgun, bearing serial number ABRU052.

All in violation of Title 18, United States Code, Section 922(g)(1).

## FORFEITURE ALLEGATIONS

Count 8 of this Indictment is hereby realleged and incorporated as if fully set forth herein by reference, for the purpose of alleging forfeiture.

Upon conviction of Count 8 of this Indictment, defendant **LAMAR JAVIS BURGESS** shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), in conjunction with Title 28, United States Code, Section 2461(c), any firearms, accessories or ammunition involved in or used in connection

*United States v. Burgess, et al.*

with the violation, including but not limited to, the Glock, model 19, 9mm, semi-automatic handgun, bearing serial number ABRU052.

A TRUE BILL

_____   _____

UNITED STATES ATTORNEY        FOREPERSON